UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CLINTON TAYLOR,

        Plaintiff,

v.                           CASE No.  8:05-CV-1884-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.
_____

O R D E R

        The plaintiff in this case seeks judicial review of the denial of his claims for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

        The plaintiff, who was fifty years old at the time of the administrative hearing and who has the equivalent of a high school education, has previously worked as a baker, a fast food cook, and a day laborer (Tr. 66,

---

[1]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 14).

197, 198, 208-09, 215).  He filed claims for Social Security disability benefits and supplemental security income payments, alleging that he became disabled due to a mental condition and problems with his right leg (Tr. 45). The claims were denied initially and upon reconsideration.

The plaintiff, at his request, then received a <u>de</u> <u>novo</u> hearing before an administrative law judge.  The law judge found that the plaintiff suffers from back pain, right leg pain, and depression, which are severe impairments (Tr. 14, 17).  He concluded that these impairments limited the plaintiff to light work with additional limitations.  Thus, the law judge found that the plaintiff would have a moderate concentration deficit which would preclude complex and detailed job tasks but permit simple routine, repetitive job tasks (Tr. 15).  The plaintiff would further have a moderate socialization deficit which would require jobs that would be considered low stress by virtue of the absence of stringent production goals, time targets, as well as the absence of frequent public contact or frequent contact with other employees. The law judge determined that these limitations precluded a return to prior jobs (Tr. 17, 18).  However, based upon the testimony of a vocational expert, the law judge decided that jobs exist in the national economy that the plaintiff could perform, such as produce sorter/grader and bench assembler (Tr. 18).

Accordingly, the law judge ruled that the plaintiff was not disabled (id.).  The Appeals Council let the law judge's decision stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. <u>Grant</u> v. <u>Richardson</u>, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. <u>Celebrezze</u> v. <u>O'Brient</u>, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

## III.

The plaintiff raises three challenges to the Commissioner's decision. None warrants reversal.

A. The plaintiff contends first that the law judge's rejection of his complaints of pain is not supported by substantial evidence and that the

law judge did not properly assess the allegations of pain under the pain standard articulated by the Eleventh Circuit (Doc. 15, pp. 10-13).

In this regard, the plaintiff testified at the hearing that his "back and leg [are] stiff, and ache[] all the time" (Tr. 199). He added that he can only stand for twenty or thirty minutes before his back starts hurting and then he has to sit down (Tr. 204, 205). As indicated, the law judge recognized that the plaintiff suffers from severe physical impairments of back and right leg pain. However, he did not find the plaintiff's allegations of disability totally credible (Tr. 17).

The Eleventh Circuit articulated a number of years ago a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in  Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, the objectively determined medical condition does not, and could not reasonably, support the complaints of pain, then the subjective complaints

cannot be the basis for a finding of disability and the law judge need not assess the credibility of the complaints of pain. Landry v. Heckler, supra; Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985). He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, supra, 761 F.2d at 1549 n.6. In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

In this case, the law judge referred to the pertinent regulation and social security ruling governing the assessment of subjective complaints (Tr.

14).  This demonstrates that he applied the Eleventh Circuit pain standard.
Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002).

Furthermore, the law judge's analysis complied with that standard.  Thus, he obviously determined that the plaintiff had an objective medical condition that could give rise to the alleged symptoms because, otherwise, the law judge would not be required to assess the credibility of the alleged complaints.  See Hand v. Heckler, supra, 761 F.2d at 1548-49.  Moreover, the law judge provided explicit and adequate reasons for his determination.  Cannon v. Bowen, supra.

The law judge found that the plaintiff's testimony was not totally credible because his "allegations of back pain are not entirely consistent with the evidence of record" (Tr. 14).  In this respect, he explained that "[t]here is no objective medical evidence which supports the level and duration of pain claimed by the claimant" (id.).  He added that "[t]he consulting examiner on October 6, 2003[,] reported that the claimant demonstrated no functional impairment for sitting, standing, walking, hearing or speaking" (Tr. 15).  This credibility determination is sufficient to discount the plaintiff's allegations of disabling pain.  See Heppell-Libansky v. Commissioner of Social Security, 2006 WL 622745 at *5 (11th Cir.)(unpub. op.).

Furthermore, the credibility determination is supported by substantial evidence. Thus, the law judge's determination is supported by the absence of any medical findings, opinions or express restrictions indicating a disabling impairment. Specifically, no doctor has opined that the plaintiff's physical condition is disabling or that he is restricted to less than light work. As the law judge noted, an examining doctor reported that the plaintiff "demonstrated no functional impairment for sitting, standing, walking, hearing or speaking" (Tr. 130). Another examining doctor stated that "[p]hysically [the plaintiff] should be able to function normally" (Tr. 104). In addition, a non-examining reviewing physician opined that the plaintiff could perform light work (Tr. 121). The plaintiff has not identified any record evidence to the contrary. See Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005)(the plaintiff bears the burden of proving disability).

The plaintiff argues that his "consistent long-term history of low back complaints ... serve[s] to overcome any questions of credibility" (Doc. 15, p. 11). In the first place, the plaintiff's subjective complaints of back pain do not establish that he has a debilitating impairment. See Ogranaja v. Commissioner of Social Security, 2006 WL 1526062 at *1 (11th Cir.) (unpub. op.); 20 C.F.R. §416.929(a). Moreover, the plaintiff's prison records that

purport to show a long history of back problems (problems that took place several years before the plaintiff's alleged disability onset date) contradict a claim of a disabling back condition. Thus, the records indicate intermittent complaints of back pain, sometimes due to a specific incident, such as falling in the shower (Tr. 158) or twisting his back (Tr. 152). Further, some of the complaints of back pain arise from physical activity, such as "doing lifts" (Tr. 149), playing sports (Tr. 165) or playing basketball (Tr. 153).

The plaintiff also argues that his pain allegations should have been credited by the law judge because his medical records "include positive straight leg raising tests and sciatic tenderness and radiculopathy" (Doc. 15, p. 13; see also p. 10). These minimal findings, some of which were made years before the plaintiff's alleged disability onset date, certainly did not compel the law judge to accept the plaintiff's assertions of debilitating pain. Significantly, the doctor who noted the plaintiff's limited straight leg raising is the one who stated that "[p]hysically he should be able to function normally" (Tr. 104).

In sum, the law judge articulated reasons for his credibility determination that were rational and supported by the record. Accordingly,

this court is not authorized to overturn his credibility finding.  Arnold v. Heckler, 732 F.2d 881, 883-84 (11th Cir. 1984).

B.  The plaintiff next argues that the law judge failed to consider the combined effect of all of the plaintiff's impairments (Doc. 15, pp. 14-15). Specifically, the plaintiff argues that the law judge "failed to consider Dr. [Glenn G.] Perry's diagnosis of recurrent, severe major depression with psychosis" (id.)(emphasis omitted).  This argument is meritless.

The law judge unquestionably considered the combined effects of the plaintiff's exertional and non-exertional impairments in determining the plaintiff's residual functional capacity, as shown by his decision (Tr. 13, 16-17) and the hypothetical question to the vocational expert (Tr. 216).  In fact, the plaintiff acknowledges that the law judge "did appear to take into consideration a 'moderate concentration deficit and moderate socialization deficit and mild restrictions as a result of depression'" (Doc. 15, p. 14) (emphasis omitted).  Thus, the plaintiff's contention that the law judge failed to consider the combination of his impairments is baseless.

The plaintiff's argument appears to be that the law judge should have found more restrictive mental impairments based on Dr. Perry's diagnosis of severe major depression with psychosis (id. at p. 15).  The law

judge considered Dr. Perry's diagnosis and summarized his opinion (Tr. 13). Further, the law judge's finding that the plaintiff is limited to simple, routine repetitive tasks at low stress jobs not involving frequent contact with the public or other employees is consistent with functional limitations opined by Dr. Perry (see Tr. 99).  The plaintiff has not identified any evidence showing that more restrictive mental functional limitations are warranted.

Moreover, Dr. Perry is a one-time examining consultant who questions his own assessment, as the law judge noted, due to the doubtful validity of the historical information provided by the plaintiff (Tr. 15). Consequently, Dr. Perry states that "[t]he results of the examination are therefore of questionable reliability" and "[t]he professional opinions offered below should be viewed as tentative comments ... pending more accurate sources of information regarding this client's true problems, complaints, and history" (Tr. 96).[2]   In addition, a non-examining reviewing mental health expert opined that the plaintiff did not even have a severe mental impairment (Tr. 82).  Indeed, the plaintiff has told the Social Security Administration that

─────────────────────

[2]For example, Dr. Perry stated a diagnostic impression of posttraumatic stress disorder based upon the plaintiff's assertions that he was subject to rapes and assaults in prison.  A review of the prison medical records did not reveal any medical complaints arising from such circumstances.  Moreover, a medical note late in the plaintiff's prison term states that the plaintiff "denies any physical or sexual abuse" (Tr. 184).

he applied for benefits due to physical pain and not mental issues (Tr. 134). Therefore, the law judge was arguably generous in accepting any functional limitations opined by Dr. Perry.

C.   Finally, the plaintiff contends that the law judge did not establish that there is other work in the national economy that he can perform because the law judge inconsistently stated that the plaintiff has the residual functional capacity for a restricted range of light work and for a significant range of light work (Doc. 15, p. 15).   However, these phrases are not inconsistent, but are complementary, because they indicate that the plaintiff cannot do the full range of light work, but can perform at least a significant range of light work.   Moreover, the phrases are simply general characterizations made by the law judge in explaining his decision.   The law judge proceeded to provide a detailed description of the plaintiff's residual functional capacity.   It is that description that reflects the substance of the law judge's decision.

Additionally, the plaintiff argues that the law judge's finding that he could perform light work is flawed because he testified that he can only stand twenty or thirty minutes (Id.).   However, the law judge rejected the plaintiff's allegation that he could only stand for that short amount of time,

and that finding is supported by substantial evidence.  Furthermore, because that allegation was properly rejected, the law judge was not required to include that standing limitation in the hypothetical question to the vocational expert.  <u>Crawford</u> v. <u>Commissioner of Social Security</u>, 363 F.3d 1155, 1161 (11th Cir. 2004).

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is AFFIRMED.  The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 23rd day of October, 2006.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE